FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 OCT -8 PM 2:51
CLERK C. Ashley
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **WILLIAM D. SIMMONS AND RUTH S.B. SIMMONS,** | § | |
| **PLAINTIFFS,** | § | |
| **v.** | § | **Civil Action No. CV210-148** |
| **MACQUARIE MORTGAGE USA INC. (1) AND TRANSCONTINENTAL LENDING GROUP INC. (2),** | § | |
| **DEFENDANTS.** | § | |

**MOTION FOR STAY**

NOW COME Plaintiffs, William D. Simmons and Ruth S.B. Simmons, to file this Motion for Stay and shows the Court the following, to wit:

There is a high probability that this case will be dismissed and the real property that is of issue in this case will be awarded to Plaintiff.

Additionally, any adverse ruling, against the retention of said property by the owner, will be appealed to the highest Court. Also, all subsequent assignees, purchasers and claimants may be subject to a lawsuit for recovery of said real property and damages for any involvement with said real property.

Plaintiffs, William D. Simmons and Ruth S.B. Simmons, move this Honorable District Court to stay the proceedings on the foreclosure pending (see the legal description of the property attached as Exhibit "A"). In support of this Motion, the Court is respectfully referred to the following statement of points.

## MEMORANDUM OF POINTS

1. Irreversible harm and irreparable consequences will occur without a stay.

The time assignment for this foreclosure will not allow Plaintiffs to be prepared to defend this action (1), and the purpose of this stay is for eliminating a loss of due process to be taken against Plaintiffs because Stare Decisis has not been followed.

2. Plaintiffs would be severely prejudiced by not having a stay pending the outcome of this case.

a. This suit was filed by Plaintiffs to address the actions of the Defendant who are attempting to foreclose illegally on the aforementioned property. Notice of Foreclosure Sale was received by Plaintiffs, without a thirty-day (30) period of required Notice.

b. In keeping with the history of this case (2), it is likely that the Honorable Court will not have time to rule in the pending case before the proposed foreclosure.

3. Plaintiffs have no other adequate or speedy remedy at law.

Plaintiffs have not been afforded their due process and in violation of Real Estate Settlement Procedures Act (RESPA) 2605 and other mortgage and foreclosure processes (3).

4. Relief from a stay entails no substantial loss or other harm to the Plaintiffs or others.

---

(1) Plaintiff called the Defendant on October 4th, 2010, and the date of sale under foreclosure, being November 2nd, 2010, was casually mentioned during the Plaintiff's telephone conversation. Plaintiffs received the letter dated October 1st, on October 6th, 2010. (See Exhibit "B")

(2) Motion for Reconsideration in the Honorable Court of Glynn County is pending. (See Exhibit "D")

Denial of a stay only allows an unjust decision to force the Plaintiffs into a quick and undue process against Plaintiffs' rights and will not allow justice to be served (4).

5. Plaintiffs will most likely succeed on this instant case.

Plaintiffs' constitutional rights have been violated and will most likely succeed when proper consideration is given to his case substantiated by statutes and case law.

6. This stay is where the public interest lies.

The public demands fairness and the administration of justice along with due process of law in not compounding the effect of an erroneous or irrational judgment.

This Defendant knowingly, willingly, wantonly, fraudulently and illegally continues to pursue the Sale under Power in direct violation of the The Fair Debt Collection Practices Act, § 809(b):

**The Fair Debt Collection Practices Act, § 809(b):**

(b) "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

---

(3) Plaintiffs have been denied actual knowledge of the proposed foreclosure in violation of State, Federal statutes, Fair Debt Collection Practices Act (FDCPA) and Real Estate Settlement Procedures Act (RESPA). Defendant has executed a Notice of Sale under Power, without providing Plaintiffs proper Notice as required by Georgia law.

(4) Notice requirements of O.C.G.A. § 44-14-162 were changed from fifteen (15) days to thirty (30) days on May 13, 2008 when Governor Perdue signed into law Senate Bill 531, a copy of information concerning SB531 is attached as Exhibit "C". The date of sale is set for November 2, 2010; without intervention from this Honorable Court, Plaintiffs' real property will be illegally sold this said day.

Defendant's attempt to foreclose upon the subject residential property violates O.C.G.A. § 44-14-162(b).

> **O.C.G.A. § 44-14-162(b):**
> "The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."

To Plaintiffs' knowledge and belief, there is no Note in the Official Record to secure the above referenced Security Deed.

WHEREFORE, Plaintiffs move this Honorable District Court to issue an order to stay the proceedings of said foreclosure while this case is pending and a final outcome has been determined.

Exhibit "A": Security Deed
Exhibit "B": Notice of Foreclosure Sale received October 6th, 2010
Exhibit "C": 08 SB531/AP Senate Bill 531
Exhibit "D": State Motion for Reconsideration, still pending

Respectfully submitted,

William D. Simmons

William D. Simmons, Pro Se
203 Sandpiper Rd
Brunswick, GA 31523
(912) 269-0118

Ruth S. B. Simmons

Ruth S.B. Simmons, Pro Se
203 Sandpiper Rd
Brunswick, GA 31523
(912) 269-0118

**CERTIFICATE OF SERVICE**

IT IS HEREBY Certified that the foregoing Motion for Stay has been mailed by First Class United States Mail to the following on the 8th day of October, 2010.

Macquarie Mortgage USA Inc
10151 Deerwood Park Blvd
Building 100, Suite 220
Jacksonville, FL 32256

Transcontinental Lending Group Inc.
401 Fairway Drive
Suite 100
Deerfield Beach, FL 33441

William D. Simmons

William D. Simmons, Pro Se
203 Sandpiper Rd
Brunswick, GA 31523
(912) 269-0118

Ruth S.B. Simmons

Ruth S.B. Simmons, Pro Se
203 Sandpiper Rd
Brunswick, GA 31523
(912) 269-0118